MORREN v. KEEN. See Case No. 7,004.

---

## Case No. 9,820.

### In re MORRILL.

[1 Hask. 542.] [1]

District Court, D. Maine. April, 1874.

BANKRUPTCY — DISCHARGE — ASSENT OF MAJORITY OF CREDITORS.

A discharge should be granted to a bankrupt, under the bankrupt act of 1867 [14 Stat. 517], when a majority in number and value of the aggregate of both partnership and individual creditors, who have proved their debts, assent thereto, even though such majority of either class do not assent.

In bankruptcy. Petition by a bankrupt [Moses Morrill] for his discharge.

A creditor of the copartnership in which the bankrupt was a partner objected, because the assent of a majority in number and value of the firm creditors who had proved their debts had not been obtained, and the assets were not equal to fifty per cent. of the claims proved.

Moses M. Butler, for petitioner.
Tobias T. Snow, for objecting creditor.

FOX, District Judge. Morrill was adjudged bankrupt individually and as a member of the firm of Thrasher, Blanchard & Co., and now moves for a discharge from his liabilities as a member of this firm, as well as from his individual indebtedness. The discharge is opposed by one of the creditors of the firm. Various allegations are set forth in the specifications of objections, all of which were abandoned at the hearing, with but one exception, and that is, that a majority in number and value of the creditors of the firm who have proved their debts have not assented in writing to his discharge, and that the assets of the estate are not equal to fifty per cent. of the claims proved against the estate. The certificate of the register states the whole number of the claims proved, upon which the bankrupt is individually liable as principal debtor, as sixteen, amounting to $17,272.14, and

[1] [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

that thirteen of these creditors, whose claims amount to $17,095.08, have duly assented in writing to his discharge; that seven claims amounting to $3,507.11 have been proved against Thrasher, Blanchard & Co. and that none of the firm creditors have filed their assent. The assent therefore, of a majority in number and value of the aggregate of both classes of creditors, has been duly filed, but not of the firm creditors considered independently of the individual creditors, and for this cause, the discharge from the firm debts is opposed by a firm creditor on the ground that the rights of one class of creditors is not to be controlled or affected by the other class, but that in order to be discharged from his firm debts the bankrupt's estate should either be equal to fifty per cent., or the assent of a majority in value and number of the firm creditors who have proved their claims should be obtained.

A somewhat diligent and careful examination of the bankrupt reports does not show that this precise question has ever been before the court for adjudication under our present bankrupt law, and yet it can hardly admit of question that it has frequently arisen in the administration of the law.

The language of the 33d section of the act as it now stands is, "no discharge shall be granted to a debtor whose assets shall not be equal to fifty percentum of the claims proved against his estate, upon which he shall be liable as the principal debtor, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as a principal debtor, and who shall have proved their claims be filed, &c."

That partnership liabilities may be proved against the estate of one member of a firm was decided at an early day by Blatchford, J., in Re Frear [Case No. 5,074], and I am not aware that the decision has been questioned; but whether the creditor receives any dividend from the individual estate must depend on the application of the rules established for marshalling the assets. The language of the discharge, as provided in the 32d section is, that the bankrupt is "discharged from all debts and claims, which by said act are made proveable against his estate;" and it therefore follows that a discharge when obtained would relieve the party from his copartnership, as well as his individual liabilities. Such was the operation given to a discharge under the insolvent law in Massachusetts in Lothrop v. Tilden, 8 Cush. 375.

In a note to Horsey's Case, 3 P. Wms. 25, it is stated to have been decided as early as 1721, that "if there are two partners and one of them becomes a bankrupt, and on a separate commission his certificate is allowed, this not only discharges the bankrupt of what he owed separately, but also of what he owed jointly and on the partnership account; because by the act of par-

liament, the bankrupt when making a full discovery and obtaining his certificate is to be discharged of all his debts. Now the debts he owed jointly with another are equally his debts, as what he owes on his separate account, consequently he is to be discharged of both his joint and separate debts." In Re Leland [Case No. 8,228], Judge Hall says, "It will hardly be claimed, that a discharge properly granted to a bankrupt upon his separate petition, would not bar a debt against him, for which he was jointly liable with another."

It is conceded that the bankrupt is entitled to be discharged from his individual liabilities, as he has the assent of a majority in number and value of such creditors, and if the court is correct in its conclusion that the effect of such a discharge without any restriction or qualification would be to exonerate him from existing joint liabilities, and there not being found anywhere in the act any authority for such limited discharge, it would seem to follow, that the act does not contemplate the distinction of classes of claims here contended for, and that the assent of a majority of each class was not requisite before a discharge from the several classes could be granted.

Debts due from a firm are the debts of each of the individual members of the firm; each member is liable for them in solido, and they are to all intents and purposes his debts. By the terms of the act each one of the firm is liable for them as a principal debtor, and the holders of them are his creditors to whom he has become liable as a principal debtor.

The argument of the counsel for the objecting creditor is, "that the rights of creditors to prove their claims, and the right of the debtor to claim his discharge, are co-extensive and commensurate;" and he insists that the partnership creditors have no right to prove their claims against the individual estate; but this is hardly a correct statement of the rights of the parties. Proceedings in bankruptcy constitute but a single cause, one warrant only is issued all the creditors of the firm and the separate creditors of each member are allowed to prove their debts in such proceedings, and the assets are ordinarily apportioned among them according to the nature of the liability; but whether an individual debt shall receive any portion of the partnership effects. or whether a copartnership debt shall share in the individual estate,—does not depend entirely on the nature of the debt itself, whether it is joint or several, but it is subject to the rules established by the act and courts of equity for marshalling the effects among the claims so proved. If the copartnership has no assets, and there is no solvent part-

ner, a copartnership claim is entitled to share in the individual assets equally with the private debts of the copartners; and if the copartnership assets are more than sufficient to discharge all claims against the copartnership, the interest of the bankrupt in the surplus would go in satisfaction of his private debts; the debts therefore, whether joint or several, are all proveable in the proceedings, subject to the contingencies of payment from the one estate or the other, as they shall arise in the settlement of the estates.

The 36th section of the act relating to proceedings against copartnerships declares, that "the certificate of discharge shall be granted or refused to each partner, as the same would or ought to be, if the proceedings had been against him alone under this act; and in all other respects the proceedings against partners shall be conducted in like manner, as if they had been commenced and prosecuted against one person alone." This language confirms me in my view, that the present objection should not be sustained. The certificate of discharge is to be granted or refused, the same as if this proceeding was against Morrill alone. If upon the matter of his right to a discharge he is to be considered the only party to this proceeding, the effect of the proof of debts, whether joint or several, would seem to be, that they are to be all considered for this purpose as his debts, to form one common aggregate, to ascertain whether the requisite assent is obtained.

Partnership liabilities are as much debts of Morrill as his own individual debts; his whole estate has been taken from him by these proceedings, and whether the assets are applied to the payment of one claim or another should not affect his right to a discharge. The origin of the debt, or the joint liability of others for its payment, so far as respects the question here presented, are in my view of no importance. The assent of a majority of all who have legal claims upon him, and proved under the proceedings in bankruptcy, is requisite for his discharge; and when obtained, the court should not inquire whether some other party may or may not be responsible for a portion of the demands from which a discharge is asked, it being always to be remembered that the liability of the other joint contractors can in no way be involved in such discharge. All the parties so assenting are creditors of the bankrupt. All have an equal interest in preventing his discharge, if he is not entitled to it; and the court does not perceive any sufficient reason for such a construction of the act, when it is clearly opposed both to its literal signification, and to the general purposes and design of the bankrupt law. Discharge granted.